[Department Two.—January 24, 1883.]

## J. C. MERRILL, APPELLANT, *v.* H. B. WILLIAMS ET AL., RESPONDENTS.

CONTRACT—LIABILITY OF AGENTS.—A contract was entered into between J. C. Merrill & Co., the assignors of the plaintiff, and the defendants, as agents for the ship *Tartar*, in relation to certain money in the hands of one Ferris, on which a lien was claimed in favor of the owners of the ship. The existence of this lien was disputed by J. C. Merrill & Co., who also asserted a claim to the money, and the contract provided in substance that in case of a determination adverse to the lien, the money should be paid over to them in part satisfaction of any judgment they might recover in a particular action then pending. Their right to the money being established in the mode contemplated by the contract this action was brought on the theory that the contract bound the defendants personally for its payment. *Held*, that the defendants are not liable, that they contracted merely as agents, and did not assume any personal responsibility for the payment of the money, and that the contract amounted simply to a stipulation on behalf of the owners of the ship to relinquish all claim to the money in case the lien should not be sustained.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

*George B. Merrill*, and *McAllister & Bergin*, for Appellant.

*W. H. L. Barnes*, for Respondents.

PER CURIAM.—It appears from the complaint that this action is upon the following agreement in writing, signed by plaintiff's assignors and defendants:—

"1. To ascertain the amount received by Ferris from inward freight on the *Tartar*.

"2. To ascertain the amount collected on account of general average by Ferris.

"3. To ascertain the amount due charterers, under general average, for coals jettisoned during voyage from Australia to San Francisco.

"These above amounts being ascertained, W., B. & Co., agents for owners, do agree with J. C. M. & Co., that in case it shall be determined that the owners of the *Tartar* have no lien or claim prior to Merrill & Co., under the charter party, to said moneys, the same shall be paid over to J. C. M. & Co. in satisfaction of so much of any judgment J. C. M. & Co. may recover against the Austral. & M. S. S. Co., or said Forbes et al., now in suit in the Twelfth District Court (case 18,308)."

Defendants had judgment in the court below, and we think the proceeding should be sustained.

The contract did not impose any personal liability upon the defendants, but was simply an agreement on their part that in a certain event moneys in the hands of Ferris should be paid over to Merrill & Co. As the agents of the *Tartar*, defendants agreed, "in case it shall be determined that the owners of the *Tartar* have no lien or claim prior to Merrill & Co., under the charter party, to said moneys, the same shall be paid over to J. C. M. & Co." Paid over by whom? Not by defendants, because they did not have the money. The contract merely amounts to a stipulation on the part of the defendants that in case no claim or lien should be established in favor of the ship, the defendants, as the agents thereof, would relinquish all claim to moneys collected by and in the hands of Ferris.

Judgment affirmed.

Hearing in Bank denied.